UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MAXPHILLIP LEVITSKY,
#521730,

    Petitioner,

v

CAROL HOWES,

    Respondent.
_____/

Case No. 1:11-cv-291

HON. JANET T. NEFF

## OPINION

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as barred by the one-year statute of limitations (R & R, Dkt 4 at 6). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Pet'r Obj., Dkt 5). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

    Petitioner argues that the Magistrate Judge erred in denying equitable tolling (Pet'r Obj., Dkt 5 at 2-3). Petitioner asserts that "[m]ultiple times Petitioner had legal property confiscated," and he argues, for the first time, that these confiscations constitute extraordinary circumstances

warranting equitable tolling (*id.* at 1). Because Petitioner failed to argue for equitable tolling until this stage of his case, the Magistrate Judge had no opportunity to evaluate Petitioner's claim and the claim is therefore deemed waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that claims not raised before a Magistrate Judge may be considered waived).

Alternatively, even if Petitioner did not waive his equitable tolling claim, Petitioner's argument in support does not demonstrate that a different disposition is required. A petitioner may only claim equitable tolling by showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, __ U.S. __, __; 130 S.Ct. 2549, 2562 (2010) (internal citations omitted). The Supreme Court has declined to define "extraordinary circumstances," instead directing that extraordinary circumstances be determined on a case-by-case basis. *Holland*, 130 S.Ct. at 2563; *see, e.g.*, *Torres v. Davis*, No. 09-1408, 2011 WL 1042189 at *3 (6th Cir. March 22, 2011) (holding that a lack of English proficiency was not an extraordinary circumstance when the petitioner could still access the courts). Here, where Petitioner has not explained what "legal property" was confiscated nor how its confiscation constituted an "extraordinary circumstance" preventing the timely filing of his habeas petition, Petitioner has failed to bear his burden of proving he is entitled to equitable tolling of the limitations period.

Petitioner argues that equitable tolling is "required" under *Holland*, or, in the alternative, that Petitioner is "entitled" to a hearing to determine if equitable tolling is required (Pet'r Obj., Dkt 5 at 3). Both arguments lack merit. Nothing in *Holland* mandates either use of equitable tolling or a hearing on whether equitable tolling is required. Rather, equitable tolling may be granted if the facts so warrant and a hearing may be held, if necessary, to further develop the factual record. *Holland*,

130 S.Ct. at 2565. Here, the facts Petitioner alleges do not support equitable tolling, and Petitioner does not allege any facts that he intends to submit at a hearing.

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."

*Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural rulings debatable. A COA will therefore be denied. A Final Order will be entered consistent with this Opinion.

Date: June 27, 2011                              /s/ Janet T. Neff
                                                                          JANET T. NEFF
                                                                          United States District Judge